**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____     Chapter ___11___

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Bela Flor Nurseries, Inc.** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-4269030** | |

4.  **Debtor's address**

**Principal place of business**

**7543 State Highway 42**
**Henderson, TX 75652**
Number, Street, City, State & ZIP Code

**Rusk**
County

**Mailing address, if different from principal place of business**

**c/o Michael McPeak**
**7494 State Highway 42 S**
**Henderson, TX 75654**
P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5.  **Debtor's website** (URL)     **www.belaflornurseries.com**

6.  **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Bela Flor Nurseries, Inc.**                          Case number *(if known)*

          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in § 1182(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

    1114

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| | _____ | | _____ | | _____ |
| | _____ | | _____ | | _____ |

Debtor  **Bela Flor Nurseries, Inc.**                                          Case number (*if known*) _____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   .   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $1,000,001 - $10 million
☐ $500,000,001 - $1 billion

Debtor   **Bela Flor Nurseries, Inc.**                                    Case number (*if known*)
         Name

☐ $50,001 - $100,000              ■ $10,000,001 - $50  million        ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000             ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million           ☐ $100,000,001 - $500 million       ☐ More than $50 billion

Debtor   **Bela Flor Nurseries, Inc.**                                              Case number (*if known*) _____
_____
Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   8/21/2023
_____
MM / DD / YYYY

DocuSigned by:

**X** _[signature]_                                          **Mark Shapiro**
────────────────                                     ──────────────────
EDFCC56C64CC4C8...
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**
───────────────────────────

**18. Signature of attorney**        **X** _____        Date _____
Signature of attorney for debtor                          MM / DD / YYYY

**Buffey E. Klein**
─────────────────────────────
Printed name

**Husch Blackwell LLP**
─────────────────────────────
Firm name

**1900 N. Pearl Street, Suite 1800
Dallas, TX 75201**
─────────────────────────────
Number, Street, City, State & ZIP Code

Contact phone   **214-999-6152**          Email address   **buffey.klein@huschblackwell.com**
──────────────────                              ──────────────────────────────

**24032515 TX**
─────────────────────
Bar number and State

**RESOLUTIONS OF**
**BELA FLOR NURSERIES, INC.**
**BOARD OF OFFICERS**

August 19, 2023

This written consent may be executed by electronically transmitted signature, and all such signatures shall constitute this entire written consent.  The resolutions to which the undersigned consents are as follows:

**WHEREAS**, the Board of Officers (the "Board") of Bela Flor Nurseries, Inc. (the "Company") has considered the presentations by the Company's management and the financial advisors regarding the Company's liabilities and liquidity, its historical performance, and its current and prospective financial and operational status;

**WHEREAS**, the Board had previously approved the retention of and retained Mark Shapiro and all personnel of GlassRatner Advisory & Capital LLC dba B. Riley Advisory Services ("B. Riley Advisory") as the Company's Chief Restructuring Officer ("CRO");

**WHEREAS**, the Board has had the opportunity to consult with the Company's financial and legal advisors and fully consider the strategic alternatives available to it;

**WHEREAS**, the Board had been evaluating and considering the reorganization of the Company's business;

**WHEREAS**, the Board has certain concerns regarding the Company's liquidity; the strategic alternatives available to it and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board desires to protect and meet the Company's obligations;

**WHEREAS**, the Board has determined that it is in the best interest of the Company, its creditors, and other interested parties for the Company to file a voluntary petition seeking relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the Northern District of Texas;

**WHEREAS**, the Board has determined that the voluntary petition seeking relief under Chapter 11 in the Fort Worth Division of the United States District Court for the Northern District of Texas because, among other direct connections, it holds its principal assets in Fort Worth, Texas;

**WHEREAS,** the Board determined it is in the best interest of the Company, its creditors, and other interested parties for the Company to retain Mark Shapiro based

upon his experience in similar matters as a Senior Managing Director and his location within the Northern District of Texas.

**NOW, THEREFORE, IT IS:**

**RESOLVED**, that in the judgment of the Board, it is in the best interest of the Company, its creditors, and other interested parties to file a voluntary petition under the provisions of Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, a court of proper jurisdiction;

**RESOLVED**, that in the judgment of the Board, it is desirable and in the Company's, best interest to continue the retention of B. Riley Advisory as CRO in connection with the Company's bankruptcy;

**RESOLVED**, that Mark Shapiro, the President of the Board, the Company's Chief Executive Officer, or any such other officer that the Company may designate (each an "Authorized Officer") are authorized and instructed to cause the preparation of a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code along with all petitions, schedules, lists, and other motions, applications, papers, or documents in connection with the voluntary petition for reorganization;

**RESOLVED**, that the Authorized Officers are authorized, on behalf of the Company, to cause the voluntary petition for reorganization to be executed, verified, and filed with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Case");

**RESOLVED**, that the law firm of Husch Blackwell, LLP ("Husch Blackwell") shall be retained as general bankruptcy counsel for the Company in the Bankruptcy Case, and the Authorized Officers are authorized and directed to execute retention agreements, pay any appropriate retainers, and cause to be filed applications for authority to retain the services of Husch Blackwell in the Bankruptcy Case;

**RESOLVED**, that the Authorized Officers are authorized and directed to retain any other professionals or consultants to assist the Company as are deemed necessary to represent or assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, the Authorized Officers are authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals or consultants as necessary;

**RESOLVED**, that the Authorized Officers are authorized, directed, and empowered to execute and file or cause to be filed all petitions, schedules, motions, lists, applications, pleadings, and other papers to take, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts that the Authorized Officer deems necessary, proper, or desirable in connection with the

Bankruptcy Case, with a view to the successful completion of such Bankruptcy Case;

**RESOLVED**, the Authorized Officers are authorized to take or cause to be taken any such other action and to execute, acknowledge, deliver, and file (or cause to be filed) any agreements, certificates, instruments or other documents, and to file any and all such agreements, certificates, instruments, or other documents, and to pay all expenses, including but not limited to filing fees, that are necessary or advisable to fully carry out the intent and accomplish the purpose of the foregoing resolutions;

**RESOLVED** that the Members of the Board have received sufficient notice of the actions and transactions relating to the aforementioned recitals and resolutions as required by the Company's organizational documents or have waived any right to receive such notice;

**RESOLVED** that the Authorized Officers are authorized to take any and all actions or not take any actions with respect to the actions contemplated by the foregoing resolutions as the Authorized Officers deem are necessary or desirable in such Authorized Officer's business judgment and as may be necessary or appropriate to effectuate the intent of the foregoing resolutions;

## Approval of Prior Actions

**FURTHER RESOLVED**, that any and all actions taken in connection with the foregoing resolutions prior to the adoption of such resolutions by the Company or any other officer or agent of the Company are hereby ratified, affirmed, and approved in all respects and for all purposes;

**FURTHER RESOLVED**, the signature of an Authorized Officer on any of the documents, agreements, and instruments authorized under these resolutions will be conclusive proof of the determination by the Authorized Officer that such documents, agreements, and instruments are necessary or appropriate to carry out the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that these resolutions may be executed by facsimile, telecopy, or other electronic means or reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

These Resolutions may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute on instrument.

[SIGNATURES ON FOLLOWING PAGE]

HB: 4866-7445-2601.3

**IN WITNESS WHEREOF**, the foregoing resolutions are signed by the Board of Officers to be effective as of the date first written above.

DocuSigned by:

*Brian Aguiar*

AD42CD137961470...

Brian Aguiar
CEO/President of Board and Member

DocuSigned by:

*James Larson*

BDB11C32AAD64D7...

James Larson
COO/Secretary of Board and Member

DocuSigned by:

*Steve Bateski*

F8AA033875B8459...

Steve Bateski
Vice President of Board and Member

HB: 4866-7445-2601.3